IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANN MCLENDON<br>**PLAINTIFF** | * | FILE NO: |
| v. | * | |
| CLEAN HOME SOLUTION, INC.,<br>EQUITABLE ACCEPTANCE<br>CORPORATION, and EQUITABLE<br>ACCEPTANCE CORPORATION<br>d/b/a MINNESOTA CREDIT AND<br>COLLECTIONS<br>**DEFENDANTS** | *<br>*<br>*<br>* | CIVIL ACTION<br><br>4:02-cv-521- |

## COMPLAINT

COMES NOW your Plaintiff, and respectfully shows as follows:

1.

Plaintiff is a resident of the state of Alabama, but by virtue of the facts giving rise to this claim submits to the jurisdiction of this court.

2.

Defendant Clean Home Solutions, Inc. is a body corporate, lying situate in the Middle District with its offices and place of business where it regularly transacts business in the Middle District of Georgia, and is subject to the jurisdiction of this court.

3.

Defendant Equitable Acceptance Corporation is believed to be a Minnesota corporation who has directly transacted business by and through Clean Home Solutions, Inc. and has directly transacted business with Plaintiff in the Middle District of Georgia and is subject to the jurisdiction of this court.

4.

Minnesota Credit and Collections is believed to be a separate operating unit of the Defendant Equitable Acceptance Corporation, and has directly transacted business with regard to Plaintiff's business within the jurisdictional sphere of the Middle District of Georgia.

5.

On or about December 26, 2001, Defendant Clean Home Solutions, Inc. by and through its agent Chris Dumont did come upon Plaintiff's premises where he induced Plaintiff to part with substantial value in connection with a consumer vacuum cleaner purchase.

6.

In connection therewith, Defendant Clean Home Solutions, Inc. through its agent, made a number of fraudulent representations with the intent to induce Plaintiff to part with value, and in connection therewith, did take from Plaintiff valuable property without giving Plaintiff credit in a retail transaction.

7.

Defendant Clean Home Solutions, Inc. has, in the instant factual case, failed to comply with 15 USC 1698 et.seq. Regulation Z requirements in its disclosures and is liable to Plaintiff for all damages occasioned thereby, including a $1,000.00 statutory damages plus reasonable attorney's fees.

8.

Further, by virtue of its fraudulent representations to Plaintiff, and the damage Plaintiff sustained as a result of her reliance on such representations, Defendant Clean Home Solutions, Inc. is liable to Plaintiff for damages occasioned thereby and, most especially, punitive damages to discourage Defendant from conduct of a similar nature in the future.

9.

Defendant Equitable Acceptance Corporation has ratified the activities of Defendant Clean Home Solutions, Inc., and has created a financial transactional bond not contemplated in the contract between Plaintiff and Defendant Clean Home Solutions, Inc. and because of its establishment of materially different terms, has caused Plaintiff to seek legal representation and incur damages thereby.

10.

Defendant Equitable Acceptance Corporation, notwithstanding notice Plaintiff had been defrauded in an underlying transaction, did, at a point prior to Plaintiff's first payment becoming due pursuant to her financial transaction, communicate Plaintiff's account to a third party debt collector, Minnesota Credit and Collections, Inc.

11.

Said communication from Defendant Equitable Acceptance Corporation, was done solely for the purpose of extorting Plaintiff to pay for value she did not receive and was done with the specific intent to harm Plaintiff.

12.

Defendant Minnesota Credit and Collections, Inc. is a debt collector within the meaning of 15 USC subsection 1692 et. seq.

13.

Defendant Minnesota Credit and Collections, Inc., in violation of 15 USC subsection 1692 et. seq. did send to Plaintiff a communication which failed to make the disclosures required of 15 USC subsection 1692 et. seq.

14.

Said notification is attached as exhibit A.

15.

In further violation of 15 USC subsection 1692 et. seq., Defendant Minnesota Credit and Collections, Inc. has sought to demand that Plaintiff pay some $600.00 additional charges above and beyond the original indebtedness created by the fraudulent activities of Defendant Clean Home Solutions, Inc.

16.

The addition of such inappropriate charges is a separate and distinct violation of <u>15 USC subsection 1692 et. seq.</u>

Wherefore, Plaintiff respectfully prays as follows:

(a) that summons issue in Defendants be served as by law provided;
(b) that Plaintiff have and recover judgment of Defendant Clean Home Solutions, Inc. in the amount of $1,710.88 representing actual damages occasioned by the fraudulent misconduct of Defendant Clean Home Solutions, Inc.
(c) that Plaintiff have and recover of Defendant Clean Home Solutions, Inc. punitive damages in the amount of $250,000.00, calculated to deter Defendant Clean Home Solutions, Inc. and discourage conduct of a similar character with persons in the position of Plaintiff in the future;
(d) that, most especially, Defendant Clean Home Solutions, Inc. pay Plaintiff attorney's fees and costs of litigation as provided by law;
(e) that Defendant Equitable Acceptance Corporation, for its bad faith misconduct in turning Plaintiff over to third party collection effort when on notice that Plaintiff intended to pursue the disputed matter and fraudulent misconduct of its assignor;
(f) that Plaintiff have and be awarded such damages as proven at trial and, most especially, punitive damages to deter such conduct in the future, and to punish Defendant for its bad faith misconduct;
(g) that Plaintiff have and recover of Defendant Equitable Acceptance Corporation d/b/a Minnesota Credit and Collections, Inc. the sum of $2,000.00 for its violation of <u>15 USC subsection 1692 et. seq.</u>;
(h) that Plaintiff have and recover of Defendant's Equitable Acceptance Corporation and Equitable Acceptance Corporation d/b/a Minnesota Credit and Collections, Inc. a reasonable attorney's fee as provided by statute in connection with the prosecution of her claim;
(i) that Plaintiff have and recover of Defendant Clean Home Solutions, Inc. sum of $1,000.00 plus a reasonable attorney's fee for its violation of <u>15 USC subsection 1690 et. seq.</u>;
(j) for such other and further relief as unto the court may seem just and equitable in the premises.

This _____ day of March 2002.

                                              Hon. John W. Roper
                                              Attorney for Plaintiff

Prepared by:

John W. Roper
2001 Airport Thruway
P.O. Box 429
Columbus, GA 31902
(706) 596-1010
jwr@roperlaw.com
State Bar No: 614159